IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM YATES | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv239 |
| BOBBY LUMPKIN, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff William Yates, proceeding *pro se*, filed the above-styled lawsuit against Bobby Lumpkin and Donald Muniz. The case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss. The defendants assert, *inter alia*, that the case against them should be dismissed because they have not been properly served with process. In making this argument, the defendants rely on Federal Rule of Civil Procedure 12(b)(5), which provides for dismissal of a case for insufficient service of process.

### Prior Proceedings

Summonses were issued and mailed to plaintiff on March 9, 2022. Observing that more than 90 days had passed without any indication that the defendants had been served with process, the undersigned submitted a Report and Recommendation of United States Magistrate Judge recommending this case be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff filed objections stating that he never received the summonses issued by the court. Based on plaintiff's statement, the Report and Recommendation was withdrawn. New summonses were sent to plaintiff and he was given additional time to serve the defendants.

Discussion

Rule 4(e) of the Federal Rules of Civil Procedure states that individuals may be served either: (1) pursuant to the laws of the applicable state or (2) by delivering a summons and copy of the complaint to the individual personally or by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized to receive service of process.

Rule 106 of the Texas Rules of Civil Procedure states process may be served by anyone authorized to do so by Texas Rule of Civil Procedure 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."  Rule 103 requires that process be served by: (1) any sheriff or constable or any other person authorized by law, (2) any person authorized by law or written order of the court who is not less than eighteen years of age, or (3) any person authorized under order of the Supreme Court.  Rule 103 provides that no person who is a party to or interested in the outcome of a suit shall serve any process.  Under Rule 107(c), when service is made by certified mail, the return of service must contain the addressee's signature.

Returns of service have been filed with the court.  The returns indicate that plaintiff personally attempted to serve the defendant by certified mail.  However, neither return contains the signature of a defendant.

The returns of service demonstrate the defendants have not been served in accordance with either Federal Rule of Civil Procedure 4(e) or Texas state law.  Plaintiff personally attempted to serve the defendants, in contravention of Texas Rule of Civil Procedure 103. Moreover, the returns do not contain the signatures of the defendants and, as a result, do not comply with Rule 107(c).

As explained above, the defendants have not been properly served with process. Their motion to dismiss should therefore be granted.

### Recommendation

The motion to dismiss (doc. 28) should be granted.

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file with the clerk specific written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

SIGNED this 2nd day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge